UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH A. FERRARA, SR., et al.,

                Plaintiff(s),          **REPORT AND**
                                                    **RECOMMENDATION**
    -against-                           CV 09-3410 (ADS) (WDW)

EAST COAST CONTRACTING, INC.,
                Defendant(s).
----------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

       Before the court on referral from District Judge Spatt is the award of default damages in this matter. For the reasons set forth herein, I respectfully recommend that damages be awarded as follows: (1) unpaid contributions in the amount of $254.26 for the period covering November 1, 2005 through June 30, 2006; (2) $220.94 in interest on the contributions through September 28, 2010 and additional interest accruing from September 29, 2010 through the date of payment at a daily rate of $0.12;(3) liquidated damages in an amount of equal to the amount of interest; (4) attorneys fees in the amount of $5,950.90; and (5) costs in the amount of $583.40. I do not recommend an award of audit fees, no audit having been performed.

                                                **BACKGROUND**

       This case was filed on August 6, 2009 pursuant to Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3) and 1145, to permit the Funds to compel an audit of the books and records of the defendant, East Coast Contracting, and to collect any delinquencies identified by the audit, plus interest, liquidated damages, attorneys fees and costs pursuant to Section 502(g)(2) of ERISA. Compl., DE[1]. The Complaint also alleged the plaintiffs' right to collect estimated unpaid contributions, interest and liquidated damages based on estimate provisions if an audit was not done. *Id.* The defendant was served with the summons and complaint, but filed no

answer. A default was noted by the Clerk of the Court on March 16, 2010 and the plaintiffs moved for a default judgment on March 18, 2010. Judge Spatt entered a default judgment on September 10, 2010, with the determination of default damages referred to the undersigned on that same date. The plaintiffs were given an opportunity to file additional papers in support of damages, and they have filed papers further supporting their claims for attorney's fees and costs. Despite service on it of the motion for default judgment and the additional papers, the defendant has filed no opposition to the motion or to the amount of damages sought.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant must prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Detailed affidavits and other documentary evidence can provide this basis. *See, e.g., Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991). Here, the plaintiffs have submitted declarations from Theresa Cody, an employee of the Funds responsible for organizing the Funds' records and recording whether employers have submitted monthly remittance reports and contributions to the Funds, and from their attorney, Michael S. Adler,

along with the relevant documents that support their claims. The defendant has not submitted any opposition. Accordingly, a hearing on the issue of damages is not necessary.

The defendant is a party to and bound by The New York City Heavy Construction & Excavating Contract with Local 282, I.B.T. for the period July 1, 2002 through June 30, 2006 (the "CBA"), effective November 1, 2005. The CBA provides that the Restated Agreement and Declaration of Trust (the "Trust Agreement"), the Funds' governing document, is an enforceable part of the CBA. *See* Cody Decl., ¶8 at 2 & Ex. B at 19. Both the CBA and the Trust Agreement required East Coast to submit remittance reports and contributions and to submit to periodic audits and to pay delinquencies revealed by the audits. By letters dated February 21, 2007, March 15, 2007, and March 11, 2008, the Funds' auditors sought audits and records from East Coast, but East Coast did not comply. The plaintiff had a right to the audits, and, because East Coast did not submit to the audit demands, now has the right to estimate unpaid contributions, interest and liquidated damages pursuant to the applicable Trust Agreement.

29 U.S.C. §1132(g)(2) provides that when a judgment in favor of a plan is entered pursuant to section 1145, the court shall award the plan: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount of unpaid contributions; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate.

Delinquent Contributions

Here, the plaintiffs have estimated the contributions owed pursuant to formulae set forth in the Trust Agreement, concluding that East Coast owes $254.26 in estimated unpaid contributions for the period from November 1, 2005 through June 30, 2006. *See* Cody Decl. ¶23

at 6, Cody Supp. Decl., Ex. A. I recommend the award of that amount.

Interest

For contribution obligations accruing on or after November 1, 2003, the Trust Agreement provided for interest at the rate of 1½% per month, or 18% per year. *See* Cody Decl. ¶¶26&27, Ex. A, ninth unnumbered page after page 51. The total amount of interest due through September 28, 2010, the date of the plaintiff's supplemental papers in support of damages, is $220.94, with additional daily interest of $0.12 from September 29, 2010. Cody Supp. Decl. ¶30, Adler Decl. ¶29. I recommend an award of those amounts.

Liquidated Damages

Pursuant to 502(g)(2)(c) of ERISA, 29 U.S.C.§1132(g)(2)(c) and the Trust Agreement, liquidated damages are to be awarded in an amount equal to the greater of interest on the unpaid contributions or twenty percent of unpaid contributions. Cody Decl. ¶33, Ex. A at 31. Here, the plaintiffs have opted to receive an amount equal to the interest, which is the greater number of the two choices. Thus, they should be awarded $220.94 in liquidated damages, along with $0.12 a day going forward.

Audit Fees

The plaintiffs also seek $350 in audit fees. Here, there was no audit of the books and records because East Coast did not allow one, but the plaintiffs rely on a provision of the Trust Agreement that awards "Auditor's fees . . . [of] $350, or such other amounts as the Trustees in their discretion shall apply . . . in all cases in which . . . collection of the Employer's delinquent contributions *reported by the audit* is referred to the Funds' attorney." *See* Cody Decl., Ex. A at 30-31 (emphasis added). The provision requires that an audit be performed and, inasmuch as there was no audit here, the $350 should not be awarded.

Attorney's Fees

ERISA requires an award of attorneys fees and costs upon a determination that an employee benefit plan is entitled to judgment for unpaid contributions. 29 U.S.C. §1132 (g)(2)(D). When assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009). To calculate the presumptively reasonable fee, the court must first determine a reasonable hourly rate for the legal services performed. *Id.* Reasonable hourly rates in attorney fee awards are determined with reference to a number of factors, including but not limited to those factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).[1] *See Arbor Hill*, 522 F.3d at 186-87, 190. Those factors are to be considered within the context of the relevant legal "community," traditionally defined as "the district where the district court sits." *Arbor Hill,* 522 F.3d at 190 (internal citation omitted).

Here, the plaintiffs seek $5,950.90 in attorneys fees, based on charges of $370 per hour for partner time, $275 per hour for associate time, and $90 per hour for paralegal time. I find that the rates are reasonable for ERISA work in the Eastern District and that the number of hours expended is also reasonable. Thus, I recommend an award of the amount sought.

---

[1]The *Johnson* factors, as articulated by the court in *Arbor Hill*, are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitation imposed by the client or the circumstances; (8) the amount involved in the case and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." 522 F.3d at 186, n.3 (citing *Johnson,* 488 F.2d at 717-19).

They also seek costs in the amount of $583.40, consisting of a court filing fee of $350, $62 for service of process and $171.40 for postage, photocopies and computer research. See Adler Decl. ¶¶18-28 & Ex. C. I recommend that award as well.

**OBJECTIONS**

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiffs' counsel is directed to serve a copy of this Report on the defendant and to electronically file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

December 7, 2010

        /s/ William D. Wall
        WILLIAM D. WALL
        United States Magistrate Judge